**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Brian Gene Baragar, Jr.,

Plaintiff,

v.

Pine County, Rodney Williamson, Jail Administrator, Glen Heintz, Adam McClure, and Greg Elvik, Individually and in their official capacities; and Advanced Correctional Healthcare, Inc.,

Defendants.

---

No. 25-cv-2384 (PJS/DLM)

**ORDER ON PLAINTIFF'S MOTIONS TO COMPEL**

This matter came before the Court on pro se Plaintiff Brian Baragar's First Motion to Compel Responses and Discovery (Docs. 67 (Motion), 69 (Memorandum in Support)) and Second Motion to Compel Production of Documents from Defendants Advanced Correctional Healthcare, Inc., ("ACH") and Greg Elvik (Docs. 84 (Motion), 86 (Memorandum in Support)). Defendants oppose both of Mr. Baragar's motions. (Docs. 84 (Defendants' Memorandum in Opposition to First Motion to Compel), 93 (Defendants' Memorandum in Opposition to Second Motion to Compel Production of Documents from Defendants ACH and Greg Elvik)). For the reasons explained below, the Court denies both of Mr. Baragar's motions in their entirety.

## BACKGROUND

This case centers around injuries Mr. Baragar sustained at the Pine County Jail on February 1, 2023 as a result of self-inflicted harm. (*See generally* Doc. 18 (Second

Amended Complaint ("SAC")).) Mr. Baragar alleges that "the individual defendants violated [his] constitutional rights under 42 U.S.C. § 1983 and the Eighth and/or Fourteenth Amendments to the United States Constitution, and engaged in negligence, medical malpractice, deliberate indifference, and assault leading to severe bodily injury, and pain and suffering." (*Id.* ¶ 2.) Soon after he filed his initial complaint, Mr. Baragar began serving multiple early discovery requests. In his First Motion to Compel, Mr. Baragar argues that Defendants Pine County, Rodney Williamson, Glen Heintz, and Adam McClure (collectively "Pine County Defendants") have provided insufficient responses to his requests. (*See generally* Doc. 67.) Mr. Baragar has also filed a Second Motion to Compel Production of Documents from Defendants ACH and Greg Elvik (collectively "ACH Defendants"), in which he argues that their discovery responses are also deficient. (*See generally* Doc. 84.)

**ANALYSIS**

Federal Rule of Civil Procedure 26 entitles parties to liberal discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Courts construe the scope of Rule 26(b)(1) broadly, *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)), but the scope of discovery includes only what is relevant to the actual claims or defenses that are at issue. S*ee Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 252 (D. Minn. 2021). Further, it is the party that seeks discovery who must make a threshold showing that the information sought is relevant to the claims or defenses in the case. *Id.* (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir.

1992)). If that occurs, then "the party resisting production bears the burden of establishing lack of relevancy or undue burden." *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 2016 WL 6997113, at 7 (D. Minn. Sept. 6, 2016) (quoting *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000)).

Beyond being relevant, Rule 26 requires that information sought in discovery also be "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors important to a court's proportionality analysis include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. A court may "find that a request on its face is not proportional to the needs of the case, given the relevance of the requested discovery." *Stan Koch & Sons Trucking, Inc. v. Am. Interstate Ins. Co.*, 2020 WL 2111349, at 3 (D. Minn. May 4, 2020) (quoting *Klein v. Affiliated Grp., Inc.*, 2019 WL 1307884, at 7 n.9 (D. Minn. Mar. 22, 2019)). Further, a district court "must limit discovery if it determines that it can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Johnson Tr. of Operating Eng'rs v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 524-25 (8th Cir. 2020).

## I. MR. BARAGAR'S FIRST MOTION TO COMPEL IS DENIED IN ITS ENTIRETY.

In his First Motion to Compel, Mr. Baragar asserts the Pine County Defendants have improperly resisted production of (1) video footage of his booking and detention at the Pine County Jail; (2) investigation records of his self-harm incident; (3) relevant employee

disciplinary records; (4) all Pine County Jail internal policies; and (5) individual Defendants' employment files. (Doc. 67 at 1-2.) Mr. Baragar asserts that despite serving multiple discovery requests, Defendants Pine County, Rodney Williamson, Glen Heintz, and Adam McClure have failed to provide sufficient responses. By Mr. Baragar's account, his discovery requests have been "met with systematic evasion." (*Id.*) He insists that the Pine County Defendants' discovery responses "are not properly verified" because, he says, they were provided "[w]ithout a valid party signature" and instead were signed by Defendants' attorneys. (Doc. 69 at 2.) Mr. Baragar also takes issue with the Pine County Defendants' answers to interrogatories, which he contends, improperly "disclaim personal knowledge and indicates that no single officer has personal knowledge of all the facts." (*Id.* at 3.) Finally, Mr. Baragar challenges the Pine County Defendants' "boilerplate generalized objections . . . without explaining how the interrogatory is objectionable, and then provide no substantive answer at all." (*Id.*) Based on these alleged infractions, Mr. Baragar asks the Court to order Defendants to produce "proper, signed, and sworn answers to Plaintiff's interrogatories from Defendant Heintz and McClure;" "corrected detailed answers from Pine County that identify, for each interrogatory, the specific facts and documents that constitute the County's response;" and "complete responses to Plaintiff's requests for production, either producing requested documents or stating specific, supported objections." (*Id.* at 4.) Mr. Baragar also seeks sanctions in the form of reasonable expenses under Rule 37(a)(5).

Pine County Defendants, for their part, contend that they have "adequately responded to [Mr. Baragar's] discovery requests" but that Mr. Baragar has continued to

request "the same documents and information over and over again." (Doc. 74 at 10.) They also argue that they are not required to provide narrative responses to Mr. Baragar's interrogatories and document requests. Pine County Defendants recognize an obligation to respond to Mr. Bargara's discovery requests, but assert they are not required to help Mr. Baragar "organize and prepare his case" or "provide information that [he] never requested in a formal discovery demand." (*Id.* at 14.) Thus, Defendants say, his motion to compel should be denied.

As a general matter, courts usually credit a party's assertion that it has fully produced discoverable materials. *Bombardier Recreational Prods., Inc., v. Arctic Cat, Inc.*, No. 12-cv-2706 (MJD/LIB), 2014 WL 5685463, at *7 (D. Minn. Sept. 24, 2014) (citing *Onwuka v. Fed. Express Corp.*, 18 F.R.D. 508, 515 n.2 (D. Minn. 1997)). Likewise, a party cannot be compelled to produce documents not in its possession. *WRB, Inc. v. DAMM, LLC*, No. 21-cv-1899 (NEB/TNL), 2022 WL 17844323, at *2 (D. Minn. Dec. 22, 2022); *Edeh v. Equifax Info. Servs., LLC*, 291 F.R.D. 330, 337 (D. Minn. 2013) (when a party "maintains that it does not have the documents requested," "it cannot be compelled to produce them"). Pine County Defendants have provided a declaration from defense counsel as well as exhibits showing that Defendants have either produced, or do not possess, the materials Mr. Baragar seeks. Exhibits show that as part of their initial disclosures in October 2025, Pine County Defendants produced reports about Mr. Baragar's arrest and his injury in the jail, booking records, and surveillance video; medical records; and the Pine County Jail's policy manual. (Doc. 77-1 at 45-49.) In response to Mr. Baragar's discovery requests about officer discipline history for Defendants Williamson, Heintz, and McClure,

Pine County Defendants stated "Defendants Williamson, Heintz, and McClure have no disciplinary history that is relevant to Plaintiff's claims for relief," and that "Pine County did not discipline any employees as a result of the incident described in the operative complaint." (*Id*. at 6, 16; *see also id*. at 27, 30.) Defendants' exhibits also show that Defendants provided Mr. Baragar with the personnel training files of the individually named Defendants on January 16 and March 11, 2026. (*Id*. at 9, 13.) The Court concludes that Defendants have produced all relevant discovery in their possession. Accordingly, there is nothing for this Court to compel.

Mr. Baragar's requests do not end there, however. In addition to his claims that Defendants have failed to produce certain discovery, he also insists that certain aspects of Defendants' production have been deficient. He contends that Defendant Williamson's interrogatory answers on behalf of Defendant Pine County are deficient; that Defendants must provide narrative responses to his discovery requests; and that Defendants must validate their responses with party signatures. But Mr. Baragar is incorrect.

Mr. Baragar argues that Defendant Williamson's answers to interrogatories provided on behalf of Defendant Pine County are deficient because they fail to identify which Pine County employees or officials furnished the information. Under Rule 33(b), when a party responding to an interrogatory is a governmental agency, as is Defendant Pine County, then the interrogatory must be answered by "any officer or agent, who must furnish the information available to the party" and signed. Fed. R. Civ. P. 33(b)(1)(B), (b)(5). Rule 33 does not contemplate that a responding agency "explain all of the steps it took to respond to the interrogatories." *Select Comfort Corp. v. Arrowood Indem. Co.*, No. 13-cv-2975

(JNE/FLN), 2015 WL 12803585, at *5 (D. Minn. Feb. 27, 2015). Pine County Defendants have submitted an exhibit showing that under penalty of perjury Defendant Williamson, the Pine County Jail Administrator, verified that he answered the interrogatories on behalf of Pine County; although certain matters attested to were not within his personal knowledge, the answers "have been assembled by authorized employees and counsel of Defendant Pine County and declarant is hereby informed by said employees and counsel that the facts stated in said Answers to Interrogatories are true to the best of his/her knowledge, information and belief." (Doc. 77-1 at 23.) These are properly verified interrogatory responses.

Relatedly, Mr. Baragar argues that Defendants Heintz and McClure's interrogatory responses violated Rule 33(b)'s signature requirement. *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them[.]"). Mr. Baragar has submitted an exhibit showing that Defendants Heintz and McClure both answered Mr. Baragar's interrogatories on March 11, 2026, but only Defendant McClure signed. (Doc. 68-3 at 4.) But eight days later, Defendants submitted a corrected version bearing both Defendants Heintz and McClure's signatures. (Doc.77-1 at 32.) Because Defendants' interrogatory answers comply with Rule 33(b)(5), Mr. Baragar's request for further verification is denied.

Now to Mr. Baragar's request for narrative responses. Answers to interrogatories "must be responsive, full, complete and unevasive." *Murphy by Murphy v. Piper*, No. 16-cv-2623 (DWF/BRT), 2018 WL 2278107, at *4 (D. Minn. May 18, 2018). But parties "are not required to provide the equivalent of a narrative account of their case." *Murphy by*

*Murphy v. Piper*, No. 16-cv-2623 (DWF/BRT), 2018 WL 2538281, at *7 (D. Minn. June 4, 2018). Rather, a party "must identify primary and material facts known." *Id*. (citing *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000)). And as for requests for production, Rule 34 requires parties to produce relevant "designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations" or "any designated tangible things[.]" Fed. R. Civ. P. 34(a)(1)(A-B). Here, Defendants have produced the information Mr. Baragar seeks in his motion. His request for narrative responses then amounts to a request for Defendants to reproduce the information in a format that is more to his liking. The Court finds that this request is duplicative and Mr. Baragar has had ample opportunity to obtain the information he seeks through discovery. *See* Fed. R. Civ. P. 26(2)(C)(i),(ii). His request is therefore denied.

One other matter merits discussion with respect to Mr. Baragar's First Motion to Compel. In Mr. Baragar's meet-and confer-statements, he requests additional discovery that he failed to include in his motion to compel: (1) identification of IT personnel; (2) notes created by a jail nurse practitioner; and (3) resignation letters from jail administrators. (*Contrast* Docs. 67 *and* 69 *with* Docs. 71 *and* 72.) Because Mr. Baragar failed to include these requests in his motion or memorandum, they are not properly before the Court. *See* D. Minn. LR 37.1(b). Accordingly, to the extent Mr. Baragar seeks to supplement his motion through his meet-and-confer statements, that request is denied.

## II. MR. BARAGAR'S SECOND MOTION TO COMPEL IS DENIED IN ITS ENTIRETY.

The Court turns next to Mr. Baragar's Second Motion to Compel, which he filed on April 9, 2026, seeking production from the ACH Defendants. (Doc. 84.) Mr. Baragar argues the ACH Defendants failed to produce responsive discovery documents, and submitted unverified interrogatory answers. He specifically asks the Court to compel the ACH Defendants to produce:

(1) Electronic data relating to Plaintiff's heath care records;
(2) Documentation of any consult Nurse Elvik had with Nurse Brown;
(3) All internal ACH communications relating to the incident;
(4) Elvik's complete employment file;
(5) A privilege log identifying documents that were withheld from production on the basis of attorney-client privilege;
(6) A sworn certification signed by ACH regarding what it did to search for documents responsive to Plaintiff's requests for production;
(7) Proper verifications from ACH and Nurse Elvik.

(*See generally id.*)

Both the ACH Defendants and the Pine County Defendants filed responses opposing Mr. Baragar's Second Motion to Compel. (Docs. 90 (ACH Response), 93 (Pine County Response).) The Pine County Defendants' response largely joins the substantive argument presented by the ACH Defendants. (Doc. 93 at 1.) Defendants argue that Mr. Baragar seeks production of discovery already provided to him, as well as discovery outside of the Defendants' possession. According to Defendants, this Court should deny Mr. Baragar's motion because courts cannot compel duplicative production or production of discovery outside a party's possession.

The ACH Defendants filed a declaration and exhibits containing discovery requests and responses, as well as internal emails between the parties. (Doc. 91.) This submission shows that the ACH Defendants previously provided Mr. Baragar with some of the discovery he currently seeks in his motion to compel. First, Mr. Baragar requests documentation of Defendant Elvik's consultation with Heidi Brown, a non-party nurse who is Defendant Elvik's supervisor. The ACH Defendants maintain that all documentation of this interaction has already been provided to Mr. Baragar—a narrative note that Defendant Elvik prepared and signed, and Heidi Brown initialed. (*Id*. at 55.)

Additionally, Mr. Baragar asks the court to compel the production of Defendant Elvik's entire employment file. Defendants maintain they produced what they believed to be Defendant Elvik's complete employment file when Mr. Baragar served his first set of requests for production. (Doc. 90 at 12.) After Mr. Baragar inquired about training documents and hiring information, the ACH Defendants located and appropriately supplemented Defendant Elvik's employment file with additional responsive documents. (*Id*.; *see also* Doc. 91 at 112.) The ACH Defendants contend they have now produced all documents relevant to Defendant Elvik's employment, training, and hiring.

The ACH Defendants maintain they have provided all responsive documents to Mr. Baragar that involve nursing records and Defendant Elvik's employment file. The declaration and exhibits submitted in support of the ACH Defendants' positions supports this assertion. (*See* Doc. 91 at 54, 87, 92, 98.) Mr. Baragar's contrary position is based on nothing but speculation, with no record support. Therefore, Mr. Baragar's request for

production of Defendant Elvik's employment record is denied, as is his request for production of additional nursing records.

Next, Mr. Baragar requests his medical records as well as "all internal ACH communications" regarding his conduct on February 1, 2023. (Doc. 84 at 2). The ACH Defendants have repeatedly informed Mr. Baragar that the requested records are neither in Defendant ACH's nor Defendant Elvik's possession. (Doc. 91 at 51.) As for the "internal ACH communications" Mr. Baragar seeks, Defendants assert these documents do not exist. (Doc. 90 at 11.) Defendants have submitted exhibits showing that they informed Mr. Baragar on January 16, 2026, that there were no "internal ACH communications" other than what was reflected in Defendant Elvik's narrative note. (*Id.*; *see also* Doc. 91 at 90.) Courts cannot compel parties to produce discovery that they do not possess or which do not exist. *Edeh v. Equifax Information Services*, LLC, 2013 WL 1749912 at *9 (D. Minn. 2013).

Mr. Baragar also seeks a privilege log in response to the ACH Defendants' objection to his request for communication between Defendants and their counsel, as well as counsel's written work product. Rule 26 requires parties withholding otherwise discoverable material based on attorney-client privilege to (i) expressly make the claim of privilege; and (ii) describe the nature of the withheld discovery in a manner that, without revealing the privileged information itself, enables other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A). The ACH Defendants argue that Mr. Baragar is not entitled to a privilege log because his requests were not for "otherwise discoverable information." *Id.* This is correct. Mr. Baragar's blanket requests for attorney-client communications and

counsels' work product are not otherwise discoverable and therefore do not necessitate a privilege log.

Mr. Baragar next requests a sworn certification describing the systems Defendants searched, custodians searched, their search methods, and dates for all requests the ACH Defendants did not satisfy. Rule 26(g)(1) requires that an attorney of record sign a party's discovery responses, certifying that—to the best of their knowledge—the response is (i) consistent with and warranted by existing law; (ii) not interposed for any improper purpose; and (iii) neither unreasonable nor unduly burdensome to the case. *See id*. Here, all responses to requests for production were signed by an attorney of record, certifying their authenticity and compliance with federal law. (Doc. 91 at 91, 96, 114.) Rule 26 does not require the detailed search method certification Mr. Baragar desires.

Finally, Mr. Baragar has requested "verification on the interrogatories" for which the ACH Defendants provided answers. (Doc. 84 at 1.) But the ACH Defendants have submitted the interrogatories, and they are properly signed in accordance with Rule 33. (Doc. 88-1 at 11-12.) The ACH Defendants have satisfied Rule 33, and there is nothing for the Court to compel. Mr. Baragar's request for additional verification of the interrogatory responses is denied.

For all these reasons, Mr. Baragar's Second Motion to Compel (Doc. 84) is denied in its entirety.

## ORDER

Accordingly, based on the above and all the files, records, and proceedings in this action, **IT IS ORDERED** that:

1. Plaintiff Brian Baragar's First Motion to Compel Responses and Discovery (Doc. 67) is **DENIED**; and

2. Mr. Baragar's Second Motion to Compel Production of Documents from Defendants ACH and Greg Elvik (Doc. 84) is **DENIED**.

DATED: October 2, 2026

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge